UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. REITZ,

       Plaintiff,                                         Case No: 1:09-cv-93

v                                                              HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

       Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision to deny plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The matter is presently before the Court on Plaintiff's objections to the R & R. Defendant has filed a Response (Dkt 18). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

       In his objections to the Magistrate Judge's R & R, Plaintiff generally argues that the Magistrate Judge erred in: (1) failing to reject the Administrative Law Judge's (ALJ) assessment of Dr. Adam Tremblay's opinion evidence (Dkt 17 at ¶¶ 8-10); (2) failing to require an explicit

application of the *Duncan*[1] two-prong framework for pain evaluation (*id*. at ¶¶ 11-14); and (3) upholding the ALJ's decision to not consider the deposition testimony of Dr. John Jerome (*id.* At ¶ 21).[2]

For the reasons that follow, Plaintiff's argument is without merit as to all three objections.

**I. Because the ALJ extensively discussed the credibility determinations and the determinations were supported by the substantial evidence, the Magistrate Judge properly accepted the ALJ's assessment of credibility of Dr. Tremblay's opinion evidence.**

Plaintiff's first objection is that the Magistrate Judge erred in failing to reverse the ALJ's decision to place less than controlling weight on Dr. Tremblay's opinion evidence (Dkt 17 at ¶ 10).

However, this objection is without merit because the Magistrate Judge properly accepted the ALJ's assessment of credibility of Dr. Tremblay's opinion evidence. The Magistrate Judge extensively reviewed the ALJ's credibility assessment and found that it was supported by the substantial evidence. Of particular note in the assessment of Dr. Tremblay is the Magistrate Judge's observation that the Plaintiff has been observed to be "considerably inconsistent" in his performance during medical examinations (Dkt 16 at 16). Moreover, the weight given to Dr. Tremblay's opinion is largely non-consequential because, as the Magistrate Judge noted, "none of Plaintiff's treating physicians have opined that Plaintiff is limited to an extent beyond that recognized by the ALJ" (*id.*). Finally, as discussed below, because there is no evidence in the record definitively concluding that the staple caused any pain, its presence is not an adequate basis to overturn the ALJ's finding that Dr. Tremblay's opinion was inconsistent with the substantial evidence.

---

[1] *Duncan v. Sec'y of Health & Human Serv.*, 801 F.3d 847, 855 (6th Cir. 1986); see also *Workman v. Comm'r of Social Security*, 2004 WL 1745782 at *6 (6th Cir., July 29, 2004).

[2] Plaintiff raises this issue in the argument section of the Objections to Report and Recommendation. Dkt 17 at 21.

Thus, the Magistrate Judge did not err in upholding the ALJ's decision to place less than controlling weight on Dr. Tremblay's opinion evidence.

**II. Because the ALJ properly evaluated the issues underlying the *Duncan* two-prong framework, the Magistrate Judge did not commit error by upholding the ALJ's finding that there was not support for the plaintiff's alleged severity of pain.**

The Plaintiff next objects to the Magistrate Judge's failure to require an explicit application of the *Duncan* two-prong framework for pain analysis. This objection is without merit as well.

The *Duncan* two-prong framework for analyzing pain arises from the regulations contained in 20 C.F.R. § 404.1529, which require there be objective evidence of an underlying condition and that the objective evidence reasonably confirm the severity of the alleged pain. *See Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994). Plaintiff states in the objections, "the 6th Circuit requires a two prong test" and then paraphrases the *Duncan* framework in support of the allegation that objective evidence confirmed the severity of alleged pain (Dkt 17 at ¶ 12). This framework does not require a rigorous adherence to a two-part test, but rather requires only that the considerations of the regulations be evaluated fully.

Because the ALJ specifically stated[3] that she evaluated plaintiff's symptoms, including pain, under the requirements set forth in the regulations and because the ALJ's determinations are supported by substantial evidence, the Magistrate Judge did not err in accepting the ALJ's evaluation of plaintiff's alleged pain symptoms. As noted in the R & R, "several doctors reported that the Plaintiff's subjective allegations were inconsistent with the results of their various examinations" and the "results of objective medical examinations fail to support Plaintiff's allegations. . . ." (Dkt 16 at 18). Thus, the second prong of the *Duncan* analysis was not met.

---

[3] Tr. 23-25

Furthermore, because the substantial evidence does not support the conclusion that the presence of the staple confirms plaintiff's alleged pain severity, there is no basis for disturbing the ALJ's opinion. As discussed above, the Magistrate Judge properly accepted the ALJ's placing lowered weight on the opinion evidence of Dr. Tremblay. While Dr. Tremblay does opine that the staple "*could* be the source of [Plaintiff's] scapular pain, (Tr. 355)" there is no evidence of record that compels the conclusion that the staple caused any pain (Dkt 16 at 8 (emphasis added)).

Thus, the presence of the staple was properly evaluated, and the ALJ's ruling was supported by substantial evidence.

**III. The Magistrate Judge properly rejected plaintiff's request for remand concerning the deposition testimony of Dr. Jerome from consideration because the plaintiff failed to prove that it was both new and material and also failed to allege good cause for plaintiff's failure to depose Dr. Jerome before the ALJ's decision.**

The Plaintiff's final objection is that the Magistrate erred in failing to remand the case for further consideration concerning the deposition testimony of Dr. Jerome. This objection is without merit.

As the Magistrate correctly noted, in reviewing an ALJ's decision, only the evidence presented to the ALJ may be considered. *See Cline v. Comm'r of Social Security*, 96 F.3d 146 (6th Cir. 1996); *see also Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148). Only if the Plaintiff can demonstrate that the new evidence was new and material and good cause existed for not presenting it in the prior proceeding may the court remand the cause. *Cline*, 96 F.3d at 148. Because Plaintiff has shown no good cause for not presenting the evidence in the original hearing, the Magistrate Judge properly excluded Dr. Jerome's deposition from consideration.

Plaintiff attempts to explain the late submission of evidence by noting that "the Plaintiff was not aware of the value placed on a GAF of 60 until the decision was completed and then Dr. Jerome

responded." (Dkt 17 at ¶ 21). But, the failure of counsel to anticipate or understand the implications of potential evidence before adjudication does not represent good cause. *Cf. Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied") (emphasis added); *see also Clem v. Sullivan*, 894 F.2d 328, 333 (9th Cir. 1990) ("Clem offers no convincing reason why the evidence could not have been made available to the Secretary earlier.").

Thus, because the lack of good cause justifies the Magistrate's denial of remand, the issue of materiality and newness need not be reached.[4]

Accordingly,

**IT IS HEREBY ORDERED** that the objections (Dkt 17) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 16) is APPROVED and ADOPTED as the opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: May 19, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge

---

[4] The Magistrate Judge properly addresses this issue in the R & R (Dkt 16 at 19-21). Additionally, even if good cause is shown, remand is still not appropriate if it is not likely to change the outcome of the proceeding. *Id.*